The pier in the river would have been of little value to the owners, without connecting it with the city by bridges. The act authorizing the work therefore provided for bridges, with draws for the passage of boats and vessels: and the pier commissioners were to provide persons to open and shut the draws; and were to have no tolls for passing either through or over the bridges. (Stat. 1823, p. 129, §§ 4, 5, 9.) The bridges were built by and for the pier owners; and they were of course bound to maintain and keep them in repair. The point has already been adjudged, that the duty lays upon them, and not upon the city. (The People v. Cooper, 6 Hill, 516.)
In 1837, the corporation of the city of Albany widened and reconstructed the bridges, in pursuance of the act of 1835, (Stat. *Page 174 
1835, p. 171,) which provided that the value of the improvement to be ascertained by certain commissioners, should be paid by the pier owners. (§ 2.) The commissioners awarded four thousand dollars to the city for making the improvement. This work, though done by the corporation, was done for the pier owners, and at their expense. They have ever since had charge of the bridge in question; have employed and paid a man for tending the draws, and have made repairs. The duty of maintaining and repairing was just as plainly upon the pier owners after, as it was before the bridge was rebuilt. Indeed, the point was adjudged against them, on indictment for not repairing, seven years after the bridge was rebuilt. (The People v. Cooper, supra.
There is then no color of authority for maintaining this action against the corporation. The city was no more than a mere architect or builder of the pier owners. If it did not build with proper care and skill, it may be answerable to the owners of the bridge, but not to third persons. Their remedy is against the owners of the bridge, who are bound to repair. If the injury to the plaintiff had happened while the corporation was engaged in constructing the bridge, and through any want of care or skill on its part, the city might then have been answerable. But the bridge was completed, and had been in the charge of pier owners, more than three years before it fell and injured the plaintiff. In such a case, there is neither precedent nor principle for allowing a third person to turn from those who are bound to maintain the bridge, and bring an action against the architect or builder. He is only answerable to those for whom he builds. He is not answerable to them, if he builds according to his contract or duty, however frail the structure may be. But the owner, on whom the duty of maintaining rests, is answerable to third persons for the sufficiency of the work, whether he has been injured by the builder or not.
A party who has erected a nuisance will sometimes be answerable for its continuance after he has parted with the possession of the land. But it is only where he continues to derive a benefit from the nuisance, as by demising the premises and receiving rent; (Roswell v. Prior, 2 Salk. 460; 1 Ld. Ray. 713, *Page 175 S.C.; Blunt v. Aikin, 15 Wend. 522;) or where he conveys the property with covenants for the continuance of the nuisance. (Waggoner v. Jermaine, 3 Denio, 306.) No case has been produced and I hazard little in saying that none can be found, where an action like the one before us has been maintained against a party who was not under a legal obligation to repair, or see that repairs were made. In this case, the city was neither under obligation to repair, nor had it the right to make repairs.
It is a sufficient answer to this action, that every count in the declaration is based upon the act of 1835, which has been adjudged to be unconstitutional and void.(a) Stanton v.Allen, 5 Denio's R. 433.) But I have assumed that the act was valid; and then there is no foundation for the action.
I am of opinion that the judgment of the supreme court is erroneous, and should be reversed.
(a) The reporter is not informed that a majority of the court placed the decision of the case upon any other ground than the one here referred to.